MICHELE POWER
SEAN BROWN
WHITNEY POWER
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 888-887-1146

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUSAN OMIAK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT** |

For her complaint, Plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

## PARTIES AND JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiff submitted a timely administrative claim based on the facts alleged herein to the Department of Health & Human Services. More than six months has passed

since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by Plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in Plaintiff's Complaint, the Norton Sound Health Corporation ("Norton Sound") was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

4. Plaintiff Susan Omiak is a citizen of Alaska, who at all times relevant to this action resided in Nome, Alaska.

## COMMON FACTUAL ALLEGATIONS

5. At all times relevant to this action, Defendant owned, maintained and was in control of the Norton Sound Health Corporation Behavioral Health Center located in Nome, Alaska.

6. On or about March 11, 2014, Defendant failed to maintain the ramp to the Behavioral Health Center and as a result, it was icy, slick and in a hazardous condition.

7. On or about March 11, 2014, Plaintiff Susan Omiak walked on the ramp to enter the Behavioral Health Center. As she did so, she slipped on the icy, slick ramp and sustained serious injuries.

## CAUSES OF ACTION

8. Plaintiff is entitled to recover damages from Defendant based on the theories of liability hereinafter enumerated in Count I, and under such other theories of liability

as may be appropriate based upon the facts as alleged herein or as revealed during discovery.

## COUNT I – NEGLIGENCE

9. Plaintiff incorporates by reference all prior allegations herein.

10. Defendant had a duty to exercise reasonable care in the maintenance of the Behavioral Health Center in order to avoid exposing persons to an unreasonable risk of harm.

11. Defendant breached that duty by negligently failing to maintain the premises in a reasonably safe condition.

12. Defendant's breach of its duty proximately caused Plaintiff's harm including, but not limited to, both past and future physical and psychological injuries, pain and suffering, lost wages, lost non-markets services, lost subsistence, medical expenses, inconvenience, emotional distress, loss of enjoyment of life, and loss of consortium in an amount to be proven at trial, but in any event in excess of $1,000,000.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment for compensatory damages in excess of $1,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 9th day of September, 2015, at Bethel, Alaska.

s/ Michele L. Power
P.O. Box 1809
Bethel, Alaska 99559
Phone: (907) 543-4700
Fax: (888) 887-1146
E-mail: admin@powerbrown.com
ABA No. 9510047